```
FILED ____ LODGED
RECEIVED ____ COPY

AUG 22 2023

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____DEPUTY
```

GARY M. RESTAINO
United States Attorney
District of Arizona
Craig H. Russell
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: craig.russell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 23-320-JAS(BGM) |
| Plaintiff, | CR ~~22-176~~ |
| vs. | Plea Agreement |
| Brian Jesus Hernandez, | |
| Defendant. | |

The United States of America and the defendant, Brian Jesus Hernandez, agree to the following disposition of this matter:

### PLEA

a. The defendant agrees to plead guilty to Count 1 of the Indictment, charging the defendant with a violation of Title 18, United States Code, 922(A)(1)(A) and 924(a)(1)(D), Dealing Firearms Without a License. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss all remaining counts, if any, at the time of sentencing.

### ELEMENTS OF THE CRIME

The essential elements of Dealing Firearms Without a License are:

a. The defendant was willfully engaged in the business of dealing in firearms within the dates specified in the indictment; and

b. The defendant did not then have a license as a firearms dealer.

The government must prove beyond a reasonable doubt that the defendant engaged in a greater degree of activity than the occasional sale of a hobbyist or collector, and that the defendant devoted time, attention, and labor to selling firearms as a trade or business with the intent of making profits through the repeated purchase and sale of firearms.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of five (5) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

### Immigration consequences

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration

consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

b. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty, if the defendant is entitled to Acceptance of Responsibility:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(5)) | 18 |
| 25 to 99 firearms (§ 2K2.1(b)(1)(C)) | +6 |
| Trafficking (§ 2K2.1(b)(5)) | +4 |
| Acceptance (§ 3E1.1) | -3 |
| Total Adjusted Offense Level | 25 |

c. Sentencing Range: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

57 - 60 months imprisonment if the defendant is in CH category I;

60 months imprisonment if the defendant is in CH category II;

60 months imprisonment if the defendant is in CH category III;

60 months imprisonment if the defendant is in CH category IV;

60 months imprisonment if the defendant is in CH category V;

60 months imprisonment if the defendant is in CH category VI.

The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the applicable guideline range as calculated under U.S.S.G. § 1B1.1(a).

If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. 3553(a) in support of a sentence, the government may oppose the

requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance.

    d.    <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Disclosure of Information to U.S. Probation:</u>

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

## AGREEMENT AS TO FORFEITURE

a.  Defendant, Brian Jesus Hernandez, knowingly and voluntarily agrees to forfeit all right, title and interest in:

| Line # | Asset Description | Serial Number |
|---|---|---|
| 1 | Century Arms International VSKA, .762 caliber pistol | SV7P009685 |
| 2 | Pioneer Arms Corporation (Radom, Poland) Sporter .762 caliber rifle | PAC1172870 |
| 3 | Romarm/Cugir Micro Draco .762 caliber pistol | PMD-17299-19RO |
| 4 | Ruger Mark II, 22 caliber pistol | 272-19280 |

5

| 5 | Unknown Manufacturer AR15 Auto Sear Machine Gun | None |
|---|---|---|
| 6 | Two (2) 3D Printed "Glock Switches" Unknown Machine Gun | Unknown |
| 7 | (36) Polymer80, INC. (P80 tactical P80) PF940C multi-caliber receivers/frames | None |
| 8 | Unknown Manufacturer Unknown Type Unknown caliber Receiver/Frame | None |

    b.    Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the assets listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

    c.    Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    d.    The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

    e.    Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

    f.    Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents, and

employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement.

g. Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

h. Defendant, agrees to abandon all right, title, and interest in the $5,998.00 in U.S. currency. Defendant acknowledges that the foregoing asset will be administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms, and Explosives upon his sentencing.

i. Defendant agrees not to pursue any filed claims to the $5,998.00 in U.S. currency, and to waive all interest, in any administrative forfeiture.

### Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Waiver of Defenses and Appeal Rights:

If the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing including the manner in which the sentence is determined, and any sentencing guideline determinations, including the district

court's determination of the criminal history category. The sentence is in accordance with this agreement if the sentence imposed does not exceed **60 months confinement**. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

///

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I

agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

From in or around August 2022 until February 6, 2023, Brian Jesus HERNANDEZ, used his SnapChat and Telegram social media accounts to sell or advertise for sale approximately 30 firearms.

On November 17, 2022, HERNANDEZ, sold a fully automatic Polymer 80, PF940C 9mm, pistol to an undercover police officer. This pistol had no serial number. The pistol was sent to ATF Firearms and Technology Division and was determined to function as a fully automatic pistol.

On January 4, 2023, HERNANDEZ, sold two Polymer 80 PF940C 9mm, pistols, with no serial numbers, to an undercover ATF agent. During the deal, the agent asked if HERNANDEZ could sell her another fully automatic firearm. HERNANDEZ stated he did not currently have any available and explained that he would have to build the firearm. HERNANDEZ agreed to contact the agent when he had built the firearm.

On January 27, 2023, an undercover agent contacted HERNANDEZ again in reference to the purchase of the firearm. HERNANDEZ explained he had a rifle for sale but that he wanted to make it fully automatic before he sold it. HERNANDEZ stated he was waiting for some parts to come in but would meet with the agent in February. HERNANDEZ later explained that he had

sold off all of his firearms to purchase a three-dimensional printer to make more firearms and to make auto sears and Glock switches.

On February 6, 2023, HERNANDEZ met with the undercover agent and sold a drop in auto sear. HERNANDEZ showed the undercover agent a video that showed how to use the auto sear to make a AR-15 style weapon into a machinegun. HERNANDEZ stated that he had made the auto sear with his three-dimensional printer.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

8/18/23
Date

Brian Jesus Hernandez
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

8/22/23
Date

Benjamin Westbrook Aguilera
Attorney for the defendant

11

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

8/18/23
Date

Craig H. Russell
Digitally signed by CRAIG RUSSELL
Date: 2023.04.12 08:59:22 -07'00'

Craig H. Russell
Assistant U.S. Attorney